UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT
FILED
SEP - 5 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

MARCEL BROOKS, 17B2330,

                     Petitioner,

    v.

JOHNSON, Supt.,

                  Respondent.

21-CV-290 (JLS-MJR)

REPORT AND
RECOMMENDATION

---

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr. (Dkt. No. 10) Petitioner Marcel Brooks has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1) For the following reasons, it is recommended that the petition be denied and that a certificate of appealability also be denied.

## BACKGROUND AND RELEVANT FACTS

### Brooks's State Court Proceedings

Brooks was indicted by an Erie County grand jury on one count of assault in the first degree in violation of Penal Law § 120.10(3); one count of reckless assault of a child in violation of Penal Law § 120.02; and one count of assault in the second degree in violation of Penal Law § 120.05(9). (State Record ("SR") Indictment No. 01951-2016) The charges stemmed from allegations that after being left alone with his girlfriend's 22-month-old nephew, Brooks shook the child, causing serious physical injury. (SR Plea Hearing, June 27, 2017 ("PH") at 9:3-10:4)

Pursuant to a plea agreement, on June 27, 2017, Brooks pleaded guilty to the count of first-degree assault in Supreme Court, County of Erie. (*Id.* at 10:13-25) Prior to being placed under oath, Brooks answered "yes" when the trial court asked if he had discussed the plea of guilty with [his] attorney and was entering into the plea "with the advice and recommendation of his attorney." (*Id.* at 4:3-8) After being sworn in, Brooks told the trial court he had ADHD, but answered "no" when asked if the ADHD would prevent him from understanding the proceedings. (*Id.* at 5:5-15) He denied being "under the influence of prescribed medication, illegal drugs or alcohol." (*Id.* at 5:16-19) Brooks again answered "yes" when asked if he understood "that by entering this plea you are pleading guilty to a class B violent felony." (*Id.* at 5:20-23)

The trial court then asked Brooks a series of questions regarding the rights Brooks was forfeiting by pleading guilty, including (1) the right to a jury trial, (2) the right to remain silent, and (3) the right to "hav[ing] the People prove your guilt beyond a reasonable doubt by a unanimous verdict of the jury." (*Id.* at 6:2-14) Brooks answered "yes" to each. (*Id.*) The trial court also asked if Brooks "under[stood] that by pleading guilty your plea will operate just like a conviction of guilty after a jury trial," and Brooks replied "yes." (*Id.* at 6:15-18) The trial court asked Brooks if he understood that the maximum sentence for the offense was 25 years in state prison plus post-release supervision of five years, and Brooks replied "yes." (*Id.* at 6:19-24) The trial court noted that the victim's family told the prosecutor that "they're comfortable with a determinate sentence of 15 years plus five years post-release supervision," and asked if Brooks understood that. (*Id.* at 6:25-7:6) Brooks replied "yes." (*Id.* at 6:6) The colloquy continued:

> THE COURT:        Do you understand that any promise of this court is conditioned upon one, you remaining arrest free

2

<div style="margin-left:2em">

between now and your sentence date; two, your full cooperation with the Department of Probation which includes appearing on the date you are scheduled for your interview and being truthful with respect to questions put to you by the Department of Probation; and three, making all required court appearances and four, not contesting that you should be sentenced as a second felony offender now convicted of a second violent felony offense, do you understand all of that?

</div>

THE DEFENDANT: Yes, sir.

THE COURT:       Do you further understand that if you fail to comply with any of these conditions that there will be no promise as to your sentence and that you will not [be] able to withdraw your plea.

THE DEFENDANT: Yes.

(*Id.* at 7:7-23)

The prosecutor then set out what the government's proof would be if the case had proceeded to trial. (*Id.* at 9:34-10:12) The government proffered that the victim was found nonresponsive by his aunt, who called 911. (*Id.* at 9:9-13) The victim was found to have "sustained bilateral retinal hemorrhages and a subdural hematoma." (*Id.* at 9:17-18) "While in the hospital the victim's condition was so severe that doctors and family made preparations to donate his organs." (*Id.* at 9:23-25) The victim—who spent three months in the hospital—required the use of a ventilator and feeding tube. (*Id.* at 10:1-4) The government also stated it would put on medical experts who would testify that the injuries were consistent with shaken baby syndrome and not a fall, and that "the defendant also consulted with an expert regarding the medical evidence," and "the expert was not able to provide defendant with any evidence to contradict the People's experts." (*Id.* at 9:18-20, 10:5-9) The government also stated it would "seek to introduce evidence of the defendant's prior assault second conviction where he also admitted to shaking another

3

child and causing injury." (*Id.* at 10:9-12) The trial court asked Brooks if he "agree[d] with the facts just stated by the prosecutor," and Brooks replied, "yes." (*Id.* at 10:13-5) The trial court then asked, "And are you pleading guilty to this charge because you believe you are in fact guilty," and Brooks replied, "yes. (*Id.* at 10:16-18) Brooks then entered a plea of guilty to assault in the first degree, and the trial court accepted his plea. (*Id.* at 10:22-12:3) Sentencing was scheduled for July 28, 2017. (*Id.* at 12:4-5)

Brooks, acting *pro se*, moved to withdraw his guilty plea pursuant to CPL § 220.6. (SR *Pro Se* Motion to Withdraw Guilty Plea, July 17, 2017) Brooks alleged that "newly discovered evidence" would demonstrate he was innocent. (*Id.* at Brooks Affidavit at ¶ 3(A)) Brooks also alleged that counsel was ineffective, and "prevented [him] from assisting in [his] own defense causing extreme emotional duress under which the plea was taken." (*Id.* at ¶ 3(B)) He also alleged that the "plea was not knowingly, intelligently or voluntarily made." (*Id.* at ¶ 3(C))

The trial court denied the motion to withdraw at the start of Brooks's sentencing hearing. (SR Sentencing Hearing, July 28, 2017 ("SH") at 1:20-2:8) The trial court stated that the allegations in Brooks's affidavit were "mere conclusions," and that "[u]nder the case law you have to be very specific." (*Id.* at 2:3-5) The trial court held that the motion did "not qualify under both statute and case law for me to consider it, therefore, I deny your motion." (*Id.* at 2:5-8).

During the sentencing hearing, Brooks attempted to argue in favor of withdrawing his guilty plea. (*Id.* at 9:21-11:12) Brooks told the trial court that he entered the guilty plea "[u]nder extreme emotional distress," and that he was "forced." (*Id.* at 10:8-19) Brooks also told the trial court that he had "video evidence" showing the victim had a

subdural hematoma before the alleged assault took place. (*Id.* at 10:25-11:2) The trial court repeated that it had denied the motion; did not allow Brooks to withdraw his guilty plea; and, in accordance with the plea agreement, sentenced Brooks to a determinate term of fifteen years' incarceration followed by five years of post-release supervision.

### *Brooks's Appeal of his State Court Conviction*

Brooks, through counsel, appealed his conviction to the Appellate Division, Fourth Department. He argued that (1) his waiver of the right to appeal was invalid; (2) the trial court erred in not suppressing the written statement Brooks provided to the police; (3) the trial court erred in not allowing him to withdraw his guilty plea, which Brooks contended was not knowing, intelligent, and voluntary; and (4) the trial court erred in not holding a hearing to consider his motion to withdraw his guilty plea. *See People v. Brooks,* 187 A.D.3d 1587 (4th Dep't 2020). On October 2, 2020, the Appellate Division unanimously affirmed the judgment of conviction. *Id.* The Appellate Division agreed with Brooks that his appellate waiver was invalid, as the trial court "'mischaracterized it as an 'absolute bar' to the taking of an appeal.'" *Id.* at 1588 (quoting *People v Dozier*, 179 AD3d 1447, 1447 (4th Dep't 2020). However, the Appellate Division rejected each of Brooks's challenges to his conviction. *Id.* It found the trial court did not err in refusing to suppress the statement Brooks made to the police. *Id.* As to the motion to withdraw the guilty plea, the Appellate Division stated:

> Defendant further contends that, inasmuch as the record of the plea colloquy does not establish that he understood the plea colloquy or the consequences of the plea, the court abused its discretion in denying that part of his motion seeking to withdraw his plea on the ground of involuntariness. Defendant, however, "failed to preserve his contention for our review by failing to move to withdraw his guilty plea or to vacate the judgment of conviction on that ground." Furthermore, the exception to the preservation doctrine does not apply because this is not one of those rare

cases in which "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea."  To the extent that defendant contends that he was deprived of a reasonable opportunity to advance his argument in support of his request to withdraw the guilty plea, we reject his contention. The court properly denied the motion without any inquiry because defendant's affidavit in support of his motion was conclusory, and thus the motion was "patently insufficient on its face."

*Id.* at 1588-89 (internal citation omitted).

Through counsel, Brooks sought, and was denied, leave to appeal to the New York State Court of Appeals.  *See People v. Brooks*, 36 N.Y.3d 1049 (2021).

*Habeas Petition*

On February 22, 2021, Brooks, proceeding *pro se*, filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt 1)  On June 23, 2021, Judge Sinatra referred the proceeding to the undersigned for a report and recommendation.  (Dkt. 10)  Respondent filed opposition papers on July 17, 2022.  (Dkts. 8, 9)

## DISCUSSION

Brooks seeks federal habeas relief on three grounds: (1) that the trial court improperly refused to hold a hearing to consider evidence of Brooks's innocence; (2) that his guilty plea was "involuntary and unconstitutional, as counsel gave faulty legal advice," and the trial court erred in not providing him with a hearing on the issue; and (3) that "the prosecutor committed prosecutorial misconduct for withholding and not investigating" newly discovered evidence of Brooks's innocence.  (Dkt. 1 at 16-17)  For the following reasons, the Court finds that Brooks's petition should be denied.

*Exhaustion*

A federal court may not grant habeas relief unless the petitioner first exhausts his claims in state court.  *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); *id.* at § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

*Review of State Court Decisions Under the AEDPA*

Where an appellate court has adjudicated on the merits the same claims raised in a federal habeas petition, a federal court's review of those claims is governed by a "highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). Specifically, under the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), a federal court cannot grant a petition for a writ of habeas corpus based on a claim that was "adjudicated on the merits in a State court proceeding" unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the

United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A state court makes an unreasonable application of federal law if it "correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." *White v. Woodall*, 572 U.S. 415, 426 (2014). Such application of federal law must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Id.* at 419 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). The standard is, intentionally, "difficult to meet." *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

A state court's determination of fact "may not [be] characterize[d] ... as unreasonable 'merely because [a reviewing court] would have reached a different conclusion in the first instance.' " *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). Rather, a reviewing federal court must "accord the state trial court substantial deference. If '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . .. determination.'" *Id.* A habeas petition should be granted on the grounds of unreasonableness only if "the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (the AEDPA standard for review is intended "only as a guard against extreme malfunction in the state's criminal systems, . . . not a substitute for ordinary error correction through appeal" (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979)).

In reviewing a *pro se* petition for habeas corpus, the Court must be mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("[D]ue to the *pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye . . . ."). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### Withdrawal of Guilty Plea

Brooks first argues that he is entitled to habeas relief because the trial court failed to hold a hearing on his motion to withdraw his guilty plea. However, it is well established that there is no constitutional right to an evidentiary hearing for withdrawal of a guilty plea. *See Hines v. Miller,* 318 F.3d 157, 162 (2d Cir. 2003). "Both federal and state precedent have established that a defendant is not entitled as a matter of right to an evidentiary hearing on a motion to withdraw a guilty plea." *Id.*; *see also Trimm v. Kirkpatrick*, No. 18-CV-287, 2021 WL 981814, at *13–14 (N.D.N.Y. Mar. 16, 2021) (same); *Reed v. Brown,* No. 10-CV-3072, 2012 WL 34092, at *5-7 (S.D.N.Y. Jan. 6, 2012) (*Hines* is "now settled law in this Circuit").

Equally unavailing is Brooks's challenge to the trial court's refusal to allow him to withdraw his guilty plea. Brooks alleges both that his plea was "involuntary and unconstitutional, as counsel gave faulty legal advice," and that the "plea could not have

been entered knowingly or voluntarily, where [the] trial judge told petitioner that he could plead guilty but later withdraw his plea 'if he did not want to accept the sentence.'" (Dkt. 1 at 16). The second claim is disposed of quickly: neither the plea hearing transcript nor the sentencing transcript support his contention that the trial judge advised Brooks he could later withdraw his plea. To the contrary, during the plea colloquy the trial court advised Brooks that the agreement on a 15-year sentence was conditioned on Brooks meeting certain conditions, and that if Brooks failed "to comply with any of these conditions [] there will be no promise as to your sentence and that *you will not be able to withdraw your plea.*" (PH at 7:7-23) (emphasis added). Brooks answered "yes" when asked if he understood. (*Id.*)

Brooks makes no specific allegations as to what "faulty legal advice" his counsel provided. "To satisfy the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), for Sixth Amendment ineffectiveness claims, the petitioner must show that counsel made errors that were objectively unreasonable and resulted in prejudice to the defense." *Miller v. Fennessey*, No. 1:20-cv-00354 EAW, 2024 WL 2214808, at *17 (W.D.N.Y. May 16, 2024). "The petition 'must contain specific factual contentions regarding how counsel was ineffective.'" *Id.* (quoting *Peart v. Royce*, No. 9:17-CV-01187-JKS, 2019 WL 3454076, at *9 (N.D.N.Y. July 31, 2019); *see also Hall v. Phillips*, No. 1:04-CV-1514, 2007 WL 2156656, at *13 (E.D.N.Y. July 25, 2007) ("The petition suffers from an additional flaw ... [in that] it fails to tie the ineffective assistance claim to any factual allegations ... demonstrat[ing] how counsel was ineffective. The absence of such allegations is fatal to an ineffective assistance claim on habeas.").

The failure to identify any specific errors by either trial counsel or appellate counsel is fatal to Brooks's claim. *See Miller*, 2024 WL 2214808, at *17 (denying motion to amend habeas petition where proposed amendment did "not identify any specific errors by defense counsel or appellate counsel"). "It is well settled that, as a general matter, '[f]ederal district courts cannot grant habeas relief based upon unsubstantiated surmise, opinion or speculation.'" *Id. (*quoting *Mills v. Lempke*, No. 11-CV-0440 MAT, 2013 WL 435477, at *23 (W.D.N.Y. Feb. 4, 2013); *see also Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (federal courts may not grant "habeas relief on the basis of little more than speculation with slight support")).

At his sentencing hearing, Brooks told the trial court that he pleaded guilty "[u]nder extreme emotional duress" and because he was "forced." (SH at 10:11-19) Both claims are directly contradicted by Brooks's responses during the plea colloquy:

> THE COURT:        . . . were you promised anything by anyone else in order to get you to plead guilty to this crime.
>
> THE DEFENDANT: No.
>
> THE COURT:        Has anyone threatened you, forced you or pressured you to plead guilty against your will.
>
> THE DEFENDANT: No.

(PH at 7:24-8:5). Sworn statements made by a defendant while entering a plea carry a "strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), such that "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *See also United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("statements at a plea allocution carry a strong presumption of veracity").

To the extent that Brooks's ineffective assistance of counsel claim is based on the Appellate Division's determination that Brooks failed to preserve his challenge to his guilty plea, that argument is also unavailing.  A petitioner's federal claim may be procedurally barred from federal habeas review if the state court resolved the issue on an "adequate and independent" state procedural ground. *Coleman*, 501 U.S. at 729–33; *see also Cone v. Bell*, 556 U.S. 449, 465 (2009) ("It is well established that federal courts will not review questions of federal law presented in a habeas petition application when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.").  A state procedural rule is considered adequate if it is "firmly established and regularly followed by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir.1999) (quotation marks omitted). To be independent, "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."  *Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (internal quotation marks omitted).

In New York, it is well settled that the failure to preserve will defeat challenges to guilty pleas and claims of ineffective assistance of counsel. *See, e.g., People v. Pascale*, 48 N.Y.2d 997, 997-98 (1980) ("The argument that the defendant should be relieved of his guilty plea was not raised by motion in the court of first instance prior to conviction and therefore has not been preserved for our review."); *People v. Carthage*, 85 A.D.3d 1198 (2d Dep't 2011) ("defendant's contention that his plea was not knowing, voluntary and intelligent is unpreserved for appellate review since he did not move to withdraw his plea on that ground prior to sentencing").  District courts in this Circuit uniformly recognize the failure to preserve constitutes an independent and adequate state procedural rule

barring federal habeas review. *See, e.g., Rutigliano v. Lamanna*, No. 9:19-cv-0745 (GLS/ML), 2022 WL 4348580 (N.D.N.Y. July 20, 2022) (petitioner's failure to preserve claim that guilty plea was involuntary by not moving to withdraw her plea or vacate the judgment of conviction "constitutes an adequate and independent state law ground, which generally precludes habeas review"); *Garcia v. Boucaud*, No. 09 Civ. 5758(RJH)(GWG), 2010 WL 1875636, at *6 (S.D.N.Y. May 11, 2010) (same); *Moore v. Lape*, No. 08–CV–0474 (MAT), 2010 WL 3522227, at *3, (W.D.N.Y. Sept.8, 2010) ("[h]abeas courts in this Circuit held have held that the failure to move to withdraw a guilty plea before sentencing constitutes an adequate and independent state ground barring habeas review.").

Here, Brooks argued on his direct appeal that his plea was not knowing, intelligent, and voluntary because Brooks only answered "yes" or "no" in response to the trial court's inquiries. (SR Brief For Appellant, Feb. 7, 2020, p. 27-30) He argued that his "yes" and "no" responses were insufficient to establish that he understood the plea proceedings. (*Id.*) The Appellate Division found the claim unpreserved, as Brooks moved to withdraw his guilty plea on a different ground. *See Brooks,* 187 A.D.3d at 1589. The Fourth Department's holding that Brooks failed to preserve his argument is an adequate and independent state law ground that bars habeas review absent a showing of both cause for the default and prejudice, or that not considering the claim will result in a miscarriage of justice. *See Coleman*, 501 U.S. at 750. Brooks makes no such showing.

Even assuming for argument's sake that Brooks did preserve his challenge, the record does not support his argument. "A plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way,' and it is considered 'voluntary if it is not the product of actual or

threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.'" *Manzullo v. People of New York*, No. 07-CV-744, 2010 WL 1292302, at *5 (E.D.N.Y. Mar. 29, 2010) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)).  Thus, a "plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, mis-representation, or perhaps by promises that are by their nature improper." *Bousley v. United States*, 523 U.S. 614, 619 (1998) (internal alteration and citations omitted).  Here, any claim of coercion is "belied by [Brooks's] statements in the plea proceeding," *Moore*, 2010 WL 3522227 at * 5, where Brooks agreed that he understood the proceedings, that he was not threatened, forced, or pressured to enter a guilty plea, and that he was pleading guilty of his own free will.  (PH at 5:5-22; 8:3-5; 10:16-18)  A defendant's "monosyllabic responses to [the trial court's ] questions [do] not render the plea invalid." *People v. Pryce*, 148 A.D.3d 1625, 1626 (4th Dep't 2017) (quoting *People v Gordon*, 98 AD3d 1230, 1230 (4th Dep't 2012)).  Also, "there is no requirement that a defendant personally recite the facts underlying his or her crime[ ] during the plea colloquy, and, here, [t]he record establishes that defendant confirmed the accuracy of [the court's] recitation of the facts underlying the crime.' " *Id.* (quoting *Gordon*, 98 A.D.3d at 1230).

Actual Innocence

A petitioner may bring two types of actual innocence claims.  The first, the so-called "gateway" claim, provides that a credible showing of actual innocence opens a "gateway through which a habeas petitioner m[ay] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404

(1993); *Schlup v. Delo,* 513 U.S. 298, 314, 316 (1995) (when raising a gateway claim, petitioner attempts to raise "sufficient doubt about his guilt" to justify a review of the merits of his underlying claims). The second, the "substantive" actual innocence claim, arises when a petitioner seeks to have his conviction vacated on grounds that new evidence establishes that he did not commit the acts charged, although the Supreme Court has yet to recognize such a claim. *See Jimenez v. Stanford*, 96 F.4th 164, 183 (2d Cir. 2024) (stating that it is an "open question of whether a freestanding innocence claim is even cognizable at all under federal law"). While Respondent argues in a conclusory fashion that Brooks raises only a gateway claim (Dkt. 9 at 7), it is not entirely clear from the petition which type of actual innocence claim Brooks presents. (Dkt. 1 at 16-17)

Assuming without deciding that a freestanding actual innocence claim is cognizable in a 28 U.S.C. § 2254 proceeding brought by a non-capital prisoner, the Second Circuit recently held that such a claim "requires a higher standard of proof than the certainty required to establish gateway innocence." *Jimenez*, 96 F.4th at 183. To establish a gateway claim of actual innocence, petitioner "must make a 'sufficiently credible and compelling' claim of innocence." *Id.* at 185 (quoting *Hyman v. Brown*, 927 F.3d 639, 657 (2d Cir. 2019)). "For the [innocence] claim to be 'credible,' it must be supported by 'new reliable evidence . . . that was not presented at trial.'" *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (quoting *Schlup*, 513 U.S. at 324). "A compelling innocence claim must demonstrate that, 'more likely than not, in light of the new evidence, no reasonable juror would find [the petitioner] guilty beyond a reasonable doubt.' " *Jimenez*, 96 F.4th at 185 (quoting *House*, 547 U.S. at 538). "The petitioner's burden in

making a gateway showing of actual innocence is deliberately 'demanding.'" *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019).

In his petition, Brooks does not identify the evidence on which he relies to demonstrate his innocence. (Dkt. 1) At his sentencing hearing, he told the trial court there was video evidence allegedly demonstrating that the victim had a subdural hematoma roughly a week before the alleged assault. (SH at 10:25-11:2) Even assuming *arguendo* that such a video exists and that a subdural hematoma[1] would be visible on video, that is not enough to make it "'more likely than not, in light of the new evidence, no reasonable juror would find [the petitioner] guilty beyond a reasonable doubt.'" *Jimenez*, 96 F.4th at 185 (alteration in original) (quoting *House*, 547 U.S. at 538). The victim here also suffered retinal hemorrhaging in both eyes, and the expert consulted by the defense could not contradict the evidence by the government's experts, who had concluded the victim was shaken. (PH at 9:16-10:12) Additionally, Brooks's guilty plea cuts against his claim of actual innocence, *German v. Racette*, 2015 WL 7709606, at *6 (N.D.N.Y. Nov. 25, 2015); *Jenkins v. United States*, 2013 WL 6869649, at *3 (S.D.N.Y. 2013) ("[c]ourts are especially reluctant to overturn a conviction based on new evidence when the conviction stemmed from a guilty plea").

As Brooks cannot satisfy the "'demanding and rarely met' [gateway] standard," *Jimenez*, 96 F.4th at 185 (*quoting Hyman*, 927 F.3d at 655), he necessarily cannot meet the more stringent standard that a freestanding actual innocence claim would entail.

---

[1] A subdural hematoma is "bleeding in the brain." *See Phelan ex rel Phelan v. Torres*, 2011 WL 6935354, at *1 (E.D.N.Y. Dec. 30, 2011).

_Exhaustion_

Brooks also alleges that "the prosecutor committed prosecutorial misconduct for withholding and not investigating/requesting to see newly discovered evidence that could have helped petitioners case." (Dkt. 1 at 17)  Because Brooks failed to present this claim in state court, it is unexhausted.  That does not end the inquiry.  "For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" _Grey v. Hoke_, 933 F.2d 117, 120 (2d Cir. 1991) (quoting _Harris,_ 489 U.S. at 263 n.9).  "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." _Id._ (citing 28 U.S.C. § 2254(c)). These procedurally defaulted claims are "deemed exhausted." _Id._ at 120-21.

Here, "[a]ny attempt [by Brooks] to raise these claims at this stage as part of a direct appeal would be rejected because a criminal defendant is entitled to only one direct appeal and one application for leave to appeal to the Court of Appeals." _Roa v. Portuondo_, 548 F. Supp. 2d 56, 78 (S.D.N.Y. 2008); s_ee also_ N.Y. Ct. R. § 500.20(a)(2). Collateral review of these claims by way of a C.P.L. § 440.10 motion is unavailable because the claims concern matters that appear on the trial record and could have been raised on direct appeal, but were not. _See_ N.Y. Crim. Proc. Law § 440.10(2)(c).  Habeas review of the claim is thus unavailable absent Brooks "show[ing] cause for the default and prejudice, or demonstrate[ing] that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." _Aparicio v. Artuz_, 269 F.3d 78, 90 (2d Cir. 2001) (_citing Coleman,_ 501 U.S. at 748-50).  Brooks makes no such showing.

Even if the claim were reviewable, it would fail.  Brooks provides no details as to what his claim of prosecutorial misconduct encompasses, and no specific allegations to to support his claim. "'Federal courts 'have no obligation to entertain pure speculation and conjecture.'" *Williams v. McCarthy*, -- F. Supp. 3d --, 2023 WL 8944013, at *12 (W.D.N.Y. Dec. 28, 2023) (quoting *Scott v. Racette*, No. 1:15-CV-00043-MAT, 2018 WL 451825, at *15 (W.D.N.Y. Jan. 17, 2018). *See also Rucano v. LaManna*, 2021 WL 4521900, at *3 (E.D.N.Y. Oct. 4, 2021) (collecting cases); *Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (federal courts may not grant "habeas relief on the basis of little more than speculation with slight support").

## CONCLUSION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) be denied in its entirety and on its merits. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, it is also recommended that a Certificate of Appealability not be issued.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE***

**RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**


SO ORDERED.


DATED:      September 5, 2024
            Buffalo, New York


                                        HONORABLE MICHAEL J. ROEMER
                                        United States Magistrate Judge